## PEOPLE *v.* PARMELEE.

1. EVIDENCE—HANDWRITING.

    When questions of handwriting are involved, specimens of admitted or proven writings are admissible for the purpose of comparison regardless of whether or not the paper on which such writing appears is one in evidence or connected with the case.

2. FORGERY—COMPARISON OF SIGNATURES—EVIDENCE.

    In prosecution for forging and uttering a forged ''accountable receipt,'' it was proper to admit check in evidence which bore the genuine signature of person whose signature is claimed to have been forged on the receipt (Act No. 328, §§ 248, 249, Pub. Acts 1931).

3. INDICTMENT AND INFORMATION—FORGERY.

    Information in prosecution for forging and uttering a forged accountable receipt *held*, sufficient to charge a violation of the statute making it a felony to falsely make, alter, forge and utter such a receipt (Act No. 328, §§ 248, 249, Pub. Acts 1931).

4. CRIMINAL LAW—FORGERY—ACCOUNTABLE RECEIPT—INCONSISTENT CLAIM—PREVIOUS ACTION.

    Defendant in prosecution for uttering a forged accountable receipt may not properly claim the instrument was not such a receipt where he had previously brought an action thereon in justice court (Act No. 328, §§ 248, 249, Pub. Acts 1931).

5. INDICTMENT AND INFORMATION—FORGERY—ACCOUNTABLE RECEIPT —VARIANCE.

    Asserted variance between recital of accountable receipt in information in prosecution for forging and uttering a forged accountable receipt and the language of the exhibit itself *held*, not sufficient to make the receipt inadmissible in the prosecution (Act No. 328, §§ 248, 249, Pub. Acts 1931).

6. FORGERY—INTENT—EVIDENCE.

    Proof of fraudulent intent in prosecution for forging and uttering a forged accountable receipt was sufficiently shown by action thereon by defendant against complaining witness (Act No. 328, §§ 248, 249, Pub. Acts 1931).

7. Same—Handwriting Laboratory Examination—Added Instruc-
   tions.

 In prosecution for forging and uttering a forged accountable
  receipt, claimed impropriety of examination of questioned in-
  strument in a handwriting laboratory and of undue emphasis
  in court's charge by gratuitous mention of the crime of utter-
  ing when jury requested further instruction concerning venue
  of claimed forgery *held*, inconsequential, there being no im-
  propriety in such examination and no undue emphasis in court's
  charge (Act No. 328, §§ 248, 249, Pub. Acts 1931).

Appeal from Saginaw; Martin (William H.), J. Submitted June 15, 1944. (Docket No. 59, Calendar No. 41,676.) Decided September 11, 1944. Rehearing denied December 1, 1944.

George Parmelee was convicted of uttering a forged accountable receipt. Affirmed.

*Richard C. Fruit,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Emmanuel B. Reese,* Prosecuting Attorney, for the people.

Bushnell, J. Defendant George Parmelee, 62 years of age, lives on a farm near the Saginaw-Genesee county line, and has operated an oil and gasoline station for the last 8 or 10 years. He was convicted by a jury on a charge of forging and uttering an "accountable receipt," contrary to the provisions of sections 248 and 249 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, §§ 17115–248, 17115–249, Stat. Ann. §§ 28.445 and 28.446). Upon a motion for new trial the trial judge set aside the conviction of forgery, but permitted the conviction on the charge of uttering a forged "accountable receipt" to stand. Parmelee appeals from a sentence placing him on probation for three years and the imposition of a fine of $150 and costs in the amount of $100.

John Turnwald, the complaining witness, who has been a farmer all his life, owns a farm located partly

in Maple Grove, Saginaw county, and partly in Shiawassee county. He has had business dealings with Parmelee over a period of 15 years. On July 1, 1937, he sold 900 lbs. of beans at $6 per hundred to Parmelee, for which he received Parmelee's check for $54. On November 15th of that year Parmelee · wrote Turnwald a letter in which he claimed that Turnwald was indebted to him in the sum of $34.65. On December 2d he wrote him another letter in which he asserted that this money was due because of the agreement that was made at the time the beans were purchased and the drop in their market price between July 1st and October 1st. In March of 1938 Parmelee brought suit against Turnwald in justice court on the claimed agreement. While the justice court suit was pending, he again wrote Turnwald on May 14, 1938, in an attempt to force a settlement. In this letter Parmelee mentioned for the first time a receipt for $54 which he claimed Turnwald had given him. Parmelee neither obtained a settlement nor a verdict and appealed the case to the circuit court, where Turnwald again prevailed. Later, Parmelee was arrested and charged with forging and uttering an "accountable receipt."

In the criminal trial the check was offered in evidence over Parmelee's objection that:

"There is no dispute over this paper and it has no bearing on the case. It is not a proper exhibit, as it has no connection with any dispute in this case."

The court overruled the objection on the ground that the check was part of the original transaction. The receipt which was received in evidence without objection reads:

"Date, July 1, 1937. Mr. John Turnwald received of George Parmelee $54 to apply on beans. Price to be what I get for bal. of my beans between now

and November 1. It is strictly understood there is
to be no other agreements. 4# beans.

                    X JOHN TURNWALD
                      and GEO. PARMELEE."

Turnwald testified that the first time he saw the
receipt was in the justice court; that he did not know
where it came from; and that he never signed it.
He identified the check and said he indorsed it when
he cashed it. Leroy Smith, a member of the Michigan
State police force, who has pursued the investiga-
tion of handwriting since about 1930, testified, from
comparisons made at the State police laboratory in
1938 of Turnwald's indorsement on the check and
the signature on the receipt, that, in his opinion,
Turnwald's signature on the receipt was a tracing
of his signature on the back of the check. He am-
plified his testimony with the statement that the
signatures were identical and "a perfect match"
which could happen only once in "1,000,910,000,000
times."

On appeal Parmelee charges error in the admis-
sion of the check "in evidence for the sole purpose
of comparison of signature on another exhibit."

The rule established in *Vinton* v. *Peck,* 14 Mich.
287, was applied in *People* v. *Parker,* 67 Mich. 222
(11 Am. St. Rep. 578). In the *Parker Case* Mr.
Justice MORSE, speaking for a unanimous court, said
it was error to compare the signature on an alleged
forged deed with a signature on papers belonging
in a probate file, none of which "were at all ma-
terial or relevant to the question at issue and could
possibly throw no light upon the case." He stated
the rule to be:

"Comparisons of this kind can only be made with
such writings as are legally in evidence for some
other purpose than that of being compared."

As said by Judge Gillespie in his Michigan Criminal Law & Procedure, § 1244, vol. 2:

"It was formerly the rule that when questions of handwriting were involved, writings claimed to have been made by the defendant must first be received in evidence for some other purpose than that of comparison, but it is now provided by statute, that whenever it shall be necessary to prove the signature of any person, any specimens of his handwriting or signature, admitted or proved to the satisfaction of the court to be genuine, may be introduced in evidence for the purpose of comparison, regardless of whether or not the paper on which such handwriting appears is one in evidence or connected with the case."

The statutory rule is stated in 3 Comp. Laws 1929, § 17318 (Stat. Ann. § 28.1048), as follows:

"Whenever in the trial of any criminal case it shall be necessary or proper to prove the signature of any person, it shall be competent to introduce in evidence for the purpose of comparison, any specimen or specimens of the handwriting or signature of such person, admitted or proved to the satisfaction of the court to be genuine, whether or not the paper on which such handwriting or signature appears is one in evidence or connected with the case or not."

The check in question was properly admitted in evidence.

The information sufficiently charges a violation of the statutes which make it a felony to falsely make, alter, forge, et cetera, and utter any "accountable receipt." Sections 248 and 249 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, §§ 17115–248, 17115–249, Stat. Ann. §§ 28.445 and 28.446).

Parmelee claims that the paper in question is not an "accountable receipt." It does not lie in his mouth to make this claim because he brought an action in the justice court upon the instrument, and cannot now deny its "accountable" nature.

The variance asserted in the recital of the receipt in the information and the language of the exhibit itself are not sufficient to make the receipt inadmissible in the criminal action.

The cited statutes require proof of fraudulent intent and appellant claims that no evidence of such intent was produced. If the receipt is a forged one, the intent to defraud by uttering it was sufficiently shown by the action which Parmelee brought on it against Turnwald in the justice court.

The question raised of the claimed impropriety of an examination of the questioned instrument in the handwriting laboratory and the question of undue emphasis in the court's charge by gratuitous mention of the crime of uttering when the jury requested further instruction concerning the venue of the claimed forgery are both inconsequential.

There was no impropriety in the laboratory examination of the claimed receipt and the trial judge's statement to the jury was correct and did not unduly emphasize the charge of uttering.

The sentence imposed is affirmed.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.